IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER MICHAEL LONG, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV–21–177–JAR |
| | ) |
| KILO KIJAKAZI, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Christopher Michael Long (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **REVERSED** and the case **REMANDED** with instructions for Defendant to award benefits.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC.  Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was forty-eight years old at the time of the administrative hearing. (Tr. 366, 367). He possesses at least a high school education. (Tr. 377). He has worked as a warehouse worker. (Tr. 377). The claimant alleges that he has been unable to work since December 29, 2014, due to limitations resulting from arthritis in feet and memory loss. (Tr. 276).

## Procedural History

On December 29, 2014, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After Claimant's first administrative hearing on June 6, 2016, Administrative Law Judge Joseph Liken ordered a post hearing consultative examination. Administrative Law Judge Thomas John Wheeler ("ALJ") then held a supplemental hearing on May 16, 2017 after which he issued an unfavorable decision on June 8, 2017. The Appeals Council denied review and Claimant appealed to this Court. After review of the ALJ's decision, this Court found that the ALJ's opinion was not supported by substantial evidence and thus reversed

and remanded the decision of the Commissioner for further proceedings on February 26, 2020. After a second supplemental hearing held on January 22, 2021, ALJ Wheeler again issued an unfavorable decision on February 18, 2021. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform sedentary work with limitations. (Tr. 373).

## Error Alleged for Review

Claimant asserts that the ALJ committed the sole error in failing to follow the Remand Order of this Court.

## Evaluation of Subjective Complaints on Remand

In his decision, the ALJ found Claimant suffered from severe impairments of osteoarthritis, neuropathy, and obesity. (Tr. 369). He determined Claimant had the residual functional capacity to perform sedentary work with limitations. The ALJ found that Claimant can lift/carry twenty pounds occasionally and ten pounds frequently. Claimant can sit for six hours of an eight-hour workday and walk and/or stand for a total of two hours in an eight-hour workday. ALJ further determined Claimant can occasionally climb ramps and stairs; balance, stoop, kneel, and crouch; feel with bilateral hands and operate food controls; and be

4

exposed to unprotected heights and moving mechanical parts. Claimant can frequently push/pull; reach, handle and finger; operate a motor vehicle; and be exposed to humidity and wetness, dust, odors, fumes, pulmonary irritants, extreme heat or cold, and vibration. However, Claimant cannot climb ladders, ropes, and scaffolds or crawl. (Tr. 373).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of document preparer, call-out operator, and charge account clerk (Tr. 378). As a result, the ALJ concluded Claimant had not been under a disability from December 29, 2014, the alleged onset date, through the date of his decision, February 18, 2021. (Tr. 378)

Claimant argues that the ALJ failed to failed to follow this Court's Remand Order. This Court previously ordered the ALJ to conform his analysis of Claimant's subjective complaints to appropriate standards. Specifically, this Court found that the ALJ altogether failed to analyze Claimant's subjective complaints but rather injected boiler plate language into his decision in finding Claimant's statements about intensity persistence and limiting effects of his symptoms inconsistent with the medical evidence (Tr. 486–495).

Deference must be given to an ALJ's evaluation of Claimant's pain or symptoms, unless there is an indication the ALJ misread the medical evidence as a whole. *See Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 801 (10th Cir. 1991). Any findings by the ALJ "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). The ALJ's

decision "must contain specific reasons for the weight given to the [claimant's] symptoms, be consistent with and supported by the evidence, and be clearly articulated so the [claimant] and any subsequent reviewer can assess how the [ALJ] evaluated the [claimant's] symptoms." Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *10 (Oct. 25, 2017). However, an ALJ is not required to conduct a "formalistic factor-by-factor recitation of the evidence[,]" but [she] must set forth the specific evidence upon which [she] relied. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

As part of his evaluation of Claimant's pain and other symptoms, the ALJ noted the two-step process for the evaluation of symptoms set forth in Social Security Ruling 16-3p and the requirements under 20 C.F.R. § 404.1529. He determined Claimant's medically determinable impairments could reasonably cause her alleged symptoms, but he found that Claimant's statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence in the record. (Tr. 376).

As noted by this Court previously, the ALJ again thoroughly summarized the medical evidence of record. Following this summary, the ALJ at least attempted to conform his analysis to Social Security Ruling 16-3p, but still fell short. In this opinion the ALJ recited the applicable standard, but failed to actually follow it. The ALJ set forth the evidence which he must consider in evaluating Claimant's subjective complaints, summarized Claimant's testimony and complaints thoroughly, and then concluded that they were inconsistent without setting forth any reasoning. Although deference is typically given to the

6

ALJ, this case is a clear example of a case where the ALJ only offered a conclusion, without linking any evidence to his reasoning, in order to guise his findings. See *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

Despite a previous remand from this Court to properly evaluate Claimant's subjective complaints, the ALJ once again failed to follow the appropriate standards. It is clear to this Court that further remand would be futile. Given the ALJ's refusal to follow the established standards, this Court finds that the correct remedy is to remand this case with instructions for Defendant to award benefits.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case **REMANDED** with instructions for Defendant to award benefits.

**IT IS SO ORDERED** this 31st day of March, 2023.

_____
**JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE**